CHIEFFO, Appellee,

v.

YSD INDUSTRIES, INC. et al., Appellants.

[Cite as *Chieffo v. YSD Industries, Inc.,* 157 Ohio App.3d 182, 2004-Ohio-2481.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 03 MA 47.

Decided May 11, 2004.

Kelley & Ferraro, L.L.P., Thomas M. Wilson and Shawn M. Acton, for appellee.

Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., James L. Messenger and George L. White IV; Jim Petro, Attorney General, and Scott W. Johnson, Assistant Attorney General, for appellants.

WAITE, Presiding Judge.

{¶ 1} This appeal challenges a denial of a motion for summary judgment issued by the Mahoning County Court of Common Pleas. Appellant, YSD Industries, Inc., filed its motion for summary judgment on the issue as to whether appellee, Carl Chieffo, was entitled to participate in the workers' compensation fund for the condition of asbestosis. After the court denied appellant's motion, the case went to trial, and a jury rendered a verdict in favor of appellee. We hold that at the time summary judgment was requested, there were material facts in dispute that made it inappropriate for the trial court to grant judgment to appellant and that further review of the denial of appellant's motion for summary judgment is barred on the basis of *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615. For the reasons that follow, the judgment of the trial court is affirmed.

{¶ 2} The record indicates that appellee worked for YSD Inc. from 1948 until 1982, after which he voluntarily retired. On December 14, 1999, appellee filed a claim with the Ohio Bureau of Workers' Compensation ("BWC") alleging that he suffered from the occupational disease known as asbestosis. The BWC disallowed the claim, finding that it was not filed within the applicable statute of limitations. On January 30, 2001, appellee filed a notice of appeal and complaint with the Mahoning County Court of Common Pleas. On October 30, 2001, appellant filed a motion for summary judgment, arguing that appellee's claim was not filed within the limitations period allowed by R.C. 4123.85, which states:

{¶ 3} "In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer if he is a self-insuring employer."

{¶ 4} On January 23, 2002, the trial court denied appellant's motion for summary judgment based upon a finding that genuine issues of material fact remained to be litigated. As this order was not a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54, the case proceeded to trial. On February 28, 2003, the jury returned a verdict granting appellee the right to participate in the workers' compensation fund as a result of his asbestosis. On March 25, 2003, appellant filed this appeal, presenting a single assignment of error:

{¶ 5} "A trial court's failure to grant summary judgment in favor of a defendant/employer when the plaintiff/employee failed to file his workers' com-

pensation claim for the condition 'asbestosis' within two years of the date of diagnosis and/or treatment and/or disability is reversible error."

{¶ 6} The decision to grant or overrule a motion for summary judgment is reviewed de novo by this court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in a light most favorable to the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis omitted.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id., 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 7} Before we reach the main thrust of appellant's argument on appeal, we must point out that a motion for summary judgment generally cannot be reversed on appeal if the case has subsequently gone to trial on the same factual issues raised in the motion for summary judgment. *Continental Ins. Co.,* supra, 71 Ohio St.3d at 156, 642 N.E.2d 615. This rule prevents the fundamental unfairness of overturning a fully litigated verdict in favor of a judgment rendered in a summary proceeding based on a curtailed presentation of evidence. Id.

{¶ 8} In most circumstances, though, there are questions that must be analyzed and resolved by a court of appeals before reaching the issue of whether *Continental Ins. Co.* should be applied. *Continental Ins. Co.* does not automatically apply to all situations involving post-trial review of the denial of summary judgment. A denial of summary judgment may be reviewed and reversed on matters of law, even if the case subsequently went to trial and a verdict was rendered. *Continental Ins. Co.,* 71 Ohio St.3d at 158, 642 N.E.2d 615; *The Promotion Co., Inc./Special Events Div. v. Sweeney,* 150 Ohio App.3d 471, 2002-Ohio-6711, 782 N.E.2d 117, ¶ 15 (Seventh District). An interlocutory denial of summary judgment may also be reviewed and reversed on appeal if the issues involved at the summary judgment stage were not actually litigated at trial. *Continental Ins. Co.* 71 Ohio St.3d at 159, 642 N.E.2d 615. Whether or not we

apply *Continental Ins. Co.* depends in large part on the questions and issues that an appellant raises on appeal.

{¶ 9} Some of the primary duties of this court are to analyze, explain, and rule upon the assignments of errors as presented by the appellant or appellants initiating the appeal. App.R. 12(A)(1). Because this court must necessarily analyze an appellant's arguments on appeal prior to determining whether *Continental Ins. Co.* applies to the underlying case, and because that case provides an alternative basis for our final decision, we will first address this analysis. See, e.g., *Stempuzis v. Hildebrand,* 10th Dist. No. 03AP–86, 2003-Ohio-6060, 2003 WL 22681377 (the assignment of error was overruled both on the basis of *Continental Ins. Co.* and because no error was shown in the trial court's denial of summary judgment). This further analysis is particularly necessary in the instant appeal, where we have interjected the holding of *Continental Ins. Co.* sua sponte into our analysis.

{¶ 10} Appellant argues that the trial court failed to apply the proper legal test when reviewing its motion for summary judgment. The Ohio Supreme Court has established a three-part test to use in interpreting when a disability due to disease has begun under R.C. 4123.85:

{¶ 11} " 'It is hereby directed that since R.C. Section 4123.85 provides that an occupational disease application (other than silicosis) shall be barred unless made to the Bureau within two years after the disability began or within two years after death, and that said Section does not define the word "disability," the following should be used as an instruction guide in determining "when disability due to the disease began":

{¶ 12} " 'Disability due to an occupational disease shall be deemed to have begun as of the date on which the claimant first became aware through medical diagnosis that he was suffering from such disease or the date on which he first received medical treatment for such disease or the date claimant first quit work on account of such disease, whichever date is the latest.' " *White v. Mayfield* (1988), 37 Ohio St.3d 11, 13, 523 N.E.2d 497, quoting Resolution 21 of the Industrial Commission (1945).

{¶ 13} It is clear that appellee filed his workers' compensation claim on December 14, 1999. In order for appellant to establish the factors set forth in *White,* it must prove that all three of the following events first occurred before December 14, 1997 (two years before appellee filed his claim):

{¶ 14} 1. Appellee first became aware through medical diagnosis that he was suffering from asbestosis.

{¶ 15} 2. Appellee first received medical treatment for asbestosis.

{¶ 16} 3. Appellee first quit work because of asbestosis.

{¶ 17} This court has previously held that the third factor listed above does not apply in cases where an employee has voluntarily retired prior to receiving treatment or diagnosis of an occupational disease. *Heard v. Conrad* (2000), 138 Ohio App.3d 503, 741 N.E.2d 897. It is undisputed that appellee retired long before any diagnosis or treatment for asbestosis occurred, so only the first two *White* factors remain at issue here.

{¶ 18} Appellant argues that appellee's limitations period began to run in October 1997. Appellant argues that appellee received a chest x-ray on October 14, 1997. Appellant submitted as evidence an x-ray report issued by Dr. Rao that concluded that, "these findings are consistent with the diagnoses of asbestosis." Appellee failed to file his claim until December of 1999, two years and two months after the date of the x-ray. Appellant contends that these facts absolutely required summary judgment in its favor as to the first of the *White* factors. This part of appellant's argument is unpersuasive.

{¶ 19} This court recently decided a very similar issue in the case of *Dombelek v. Bur. of Workers' Comp.*, 154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144. In *Dombelek* we held that a chest x-ray and corresponding x-ray reports were relevant facts in determining the date that diagnosis of asbestosis began in a workers' compensation case. Id. at ¶ 48. We also held that the claimant's knowledge or awareness of the diagnosis was a factor to be considered when applying the statute of limitations in R.C. 4123.85. Id. at ¶ 47. Finally, we held that summary judgment was not appropriate when there are competing facts as to date the claimant first became aware of the diagnosis. Id. at ¶ 48. Based on these holdings, we reversed summary judgment granted in favor of the employer and remanded the case for further proceedings and trial.

{¶ 20} In the instant appeal, there were competing facts presented at the summary judgment stage of the proceedings concerning the date that appellee first became aware of his diagnosis. Even though appellee had an x-ray in October 1997, the x-ray report from Rao that appellant relies on was not issued until January 21, 1998. The date of the x-ray report creates factual dispute about the date that appellee became aware of his diagnosis. If the x-ray results are crucial to determining the statute of limitations period and appellee did not receive the report until after January 1998, his claim was filed timely. Furthermore, the language used on the x-ray report might not necessarily have been interpreted by appellee as a full diagnosis of asbestosis. Therefore, the trial court was correct in denying appellant's motion for summary judgment based on the material factual dispute concerning the date that diagnosis occurred or that appellee first became aware of his diagnosis for asbestosis.

{¶ 21} Appellant also argues that appellee was first treated for asbestosis when he received his chest x-ray on October 14, 1997. In *Dombelek,* we acknowledged

that a chest x-ray *could* be used as some proof of when treatment had begun. Id. at ¶ 51. We tempered our conclusion, though, with the following comments:

{¶ 22} "It is also possible that an isolated x-ray or test may be so tenuously related to a particular disease that it should not be considered as the beginning of treatment. * * * Once again, these questions are best left to the trier of fact to resolve after weighing the evidence in light of the totality of the circumstances." Id. at ¶ 52.

{¶ 23} It appears that there were factual disputes concerning both of the *White* factors appellant needed to establish in order to grant summary judgment under R.C. 4123.85. When there are genuine issues of material fact in dispute, summary judgment is not appropriate. The trial court was correct in overruling appellant's motion for summary judgment.

{¶ 24} Alternatively, even if the trial court had committed error in overruling appellant's motion for summary judgment, such error would appear to be harmless in this case. Civ.R. 61 sets forth the harmless error rule in civil cases, providing that no error or defect in any ruling is "ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." In *Continental Ins. Co.*, the Ohio Supreme Court held that the harmless error rule should be applied when an appellant challenges a denial of a motion for summary judgment after the case has gone to trial on the same issues raised in summary judgment proceedings. Id. at syllabus. As mentioned earlier, if a trial court erroneously denies a motion for summary judgment but the same issues are fully litigated at trial, substantial justice would be better served by relying on the trial verdict rather than relying on the curtailed presentation of evidence used in summary judgment proceedings. In other words, the denial of summary judgment is usually harmless error after a full trial.

{¶ 25} Appellant has failed to file a trial transcript as part of the record in this appeal. If appellant had filed a trial transcript, we could evaluate whether the factual issues that were reviewed at the summary judgment stage were fully litigated at trial. It is appellant's duty to provide all transcripts necessary for the full review of the issues presented on appeal:

{¶ 26} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that '* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the

proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

{¶ 27} Without a transcript, we must presume the regularity of the proceedings below, including the presumption that the factual issues were fairly and adequately litigated at trial. There is nothing in the record to indicate otherwise. Based on the aforementioned presumption, we may also conclude that any error that may have occurred in the denial of appellant's motion for summary judgment must be viewed as harmless error in light of the subsequent trial dealing with the same factual issues.

{¶ 28} Based on the two reasons we have set forth, we overrule appellant's assignment of error and affirm the judgment of the Mahoning County Court of Common Pleas.

Judgment affirmed.

VUKOVICH, J., concurs.

DEGENARO, J., concurs in part and dissents in part.

DEGENARO, Judge, concurring in part and dissenting in part.

{¶ 29} I write separately because I believe that much of the majority's opinion is advisory as it addresses a moot issue. Appellant's sole assignment of error is that the trial court erred when it denied its motion for summary judgment. But as the majority points out in ¶ 24–27, the fact that there was a subsequent trial on the same issues renders this issue moot. See *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615, syllabus. As the Ohio Supreme Court explained:

{¶ 30} "The evidence adduced at trial revealed the existence of genuine issues of material fact concerning the issues raised by Continental in its motion for summary judgment. While the record before the trial court at the time it denied the motion may not have reflected that situation, the facts as we now know them, as determined by the jury, show that Continental was clearly liable to provide coverage under the terms of the policy. Under these circumstances, it would seem incongruous to now say that the trial court committed reversible error in denying Continental's motion. Any error in the denial of the motion was rendered moot or harmless since a full and complete development of the facts at trial (as opposed to the limited factual evidence elicited upon discovery) showed

that appellants were entitled to judgment. In this regard, substantial justice would clearly not be served by setting aside the jury's findings and the final judgment of the trial court." Id., 71 Ohio St.3d at 155, 642 N.E.2d 615.

{¶ 31} The Ohio Supreme Court has clearly stated that an appellate court that addresses a moot issue is issuing an improper advisory opinion. *State ex rel. White v. Kilbane Koch,* 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18. And its decision in *Continental Ins.* renders appellant's assignment of error moot. Accordingly, the majority is acting improperly when addressing the merits of that assignment of error. Regardless of whether I agree or disagree with the majority's conclusion, I must dissent from ¶ 8–23 of its opinion.