OPINION
{¶ 1} Defendants-appellants David F. Pavlick, DMD, Inc. and David F. Pavlick, DMD, appeal from the November 4, 2003, Judgment Entry of the Stark County Court of Common Pleas overruling their Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 20, 2000, appellee Phyllis Beisel consulted with appellant Dr. Pavlick, a dentist, for dentures after receiving dental implants from Dr. Zak, who is a practicing dentist and medical doctor. Appellee had been referred to appellant Dr. Pavlick by Dr. Zak. The two maintain separate offices and are not affiliated with each other.
 {¶ 3} Appellee continued seeing appellant Dr. Pavlick until October of 2001. It is undisputed that appellee's last office appointment with appellant Dr. Pavlick was on October 17, 2001. However, while appellee contends that, at such appointment, appellant Dr. Pavlick advised her that he would contact her when the acrylic coating was ready to be applied to her dentures, appellant Dr. Pavlick maintains that he instructed appellee to schedule additional appointments for adjustments or otherwise as necessary.
 {¶ 4} Thereafter, on January 23, 2002, appellant Dr. Pavlick's office contacted appellee and left a message for her to make an appointment to come in and have the acrylic applied. Appellee never did so. However, on January 23, 2002, appellee told Dr. Zak about the problems that she was having with her dentures and he, in turn, referred her to Dr. Deliberto, a prosthodontist. Appellee's first appointment with Dr. Deliberto was on February 2, 2002.
 {¶ 5} In a January 10, 2003, letter addressed to appellant David F. Pavlick, DMD, Inc. but which begins "Dear Dr. Pavlick", appellee stated, in relevant part, as follows:
 {¶ 6} "Please be advised that the undersigned represents Phyllis Beisel and that this correspondence shall constitute written notice to you pursuant to O.R.C. 2305.11 that Phyllis L. Beisel is considering filing a dental claim of malpractice against you for dental work performed by you relating to construction of a Maxillary Denture, Mandibular Denture and hardware placement which you performed for her.
 {¶ 7} "Phyllis L. Beisel intends to file a lawsuit in this matter within 180 days from the date hereof and therefore I request that you contact your insurance carrier with regard to this matter."
 {¶ 8} The letter, which was sent by certified mail, was signed for on January 13, 2003.
 {¶ 9} Thereafter, on July 7, 2003, appellee and her husband filed a dental malpractice complaint against appellants Dr. Pavlick and David F. Pavlick, DMD and Dr. Zak. On October 7, 2003, appellants filed a Motion for Summary Judgment, alleging that appellees' claims were barred by the statute of limitations contained in R.C. 2305.11. After appellees filed a response, the trial court, pursuant to a Judgment Entry filed on November 4, 2003, denied appellants' motion, holding that "[t]he date the physician-patient relationship terminated in this particular instance is not clear and is therefore a factual issue for the jury to decide."
 {¶ 10} Pursuant to a Notice of Dismissal filed on November 13, 2003, appellees voluntarily dismissed Dr. Zak without prejudice.
 {¶ 11} It is from the trial court's November 4, 2003, Judgment Entry that appellants now appeal, raising the following assignment of error:
 {¶ 12} "The trial court erred in denying appellants, David Pavlick, Dmd, Inc.'s and David Pavlick Dmd's, motion for summary judgment on the issue of statute of limitations."
 {¶ 13} Before addressing the merits of appellants' arguments, we note that when jurisdiction appears unclear, a Court of Appeals should raise issues of jurisdiction sua sponte. In reEstate of Geanangel, 147 Ohio App.3d 131, 134, 2002-Ohio-850,768 N.E.2d 1235. Thus, before considering the merits, we shall consider whether this Court has jurisdiction over appellants' appeal.
 {¶ 14} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 15} R.C. 2505.02 states, in relevant part, as follows: "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 16} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 17} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 18} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 19} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 20} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 21} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 22} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 23} In this case, the November 4, 2003, Judgment Entry appealed from does not meet any of the criteria identified in R.C. 2505.02(B). "An order denying a motion for summary judgment is not a final appealable order." State ex rel. Overmyer v.Walinski, Judge (1966), 8 Ohio St.2d 23, 222 N.E.2d 312;Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90,554 N.E.2d 1292.[1] See also Hughes v. Zordich, Mahoning App. No. 99 C.A. 167, 2001-Ohio-3523 and Chieffo v. YSD Industries, Inc.,157 Ohio App.3d 182, 2004-Ohio-2481, 809 N.E.2d 1186. InHughes, the court held that a trial court's judgment overruling a motion to dismiss for failure to comply with the statute of limitations was not a final appealable order. In Chieffo, the court noted that the appellant did not appeal the denial of appellant's motion for summary judgment, in which the appellant had argued that the appellee's claim was not filed with the limitations period, since "this order was not a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54 . . ." Id. at 184.
 {¶ 24} We are cognizant of the fact that the trial court included language pursuant to Civ. R. 54(B), in its November 4, 2003, Judgment Entry. Specifically, the trial court included language which stated that "this is a final appealable order, and there is no just cause for delay."
 {¶ 25} Civil Rule 54(B) provides:
 {¶ 26} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 27} However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order. Noble v. Colwell (1989), 44 Ohio St.3d 92,96, 540 N.E.2d 1381. To be final and appealable, the judgment entry must also comply with R.C. 2505.02. Id.
 {¶ 28} Although the judgment entry at issue contained Civ. R. 54(B) language, as is stated above, the judgment entry is not final pursuant to R.C. 2505.02.
 {¶ 29} Since the judgment entry overruling appellants' Motion for Summary Judgment is not a final appealable order, this Court lacks jurisdiction to review the same. {¶ 30} Accordingly, appellant's appeal is dismissed.
Edwards, J. Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed. Costs assessed to appellants.
[1] In Netzley, the court noted that the denial of a motion for summary judgment does not determine the action and prevent a judgment.