OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Joseph Robert Grenga, dba Grenga Machine and Welding, appeals the decision of the Youngstown Municipal Court that granted judgment to Defendant-Appellee, K.D. Machine, Inc., on Grenga's claims and K.D. Machine's counterclaim. On appeal, Grenga argues that the trial court improperly denied both his motion for a new trial and his motion for summary judgment.
 {¶ 2} Grenga's motion for summary judgment was based solely on his argument that K.D. Machine had not timely responded to his requests for admissions and that the facts deemed admitted established the merits of his claims and the lack of merit in K.D. Machine's counterclaim. However, K.D. Machine had actually responded to Grenga's requests for admissions, so the trial court did not err when refusing to deem the facts as admitted and denying Grenga's motion for summary judgment.
 {¶ 3} The trial court did err when it denied Grenga's motion for a new trial. The trial court denied that motion because it believed Grenga had filed a notice of appeal, thereby divesting the trial court of jurisdiction over the case. However, Grenga had not instituted an appeal and the trial court's belief to the contrary was mistaken. Nevertheless, Grenga's motion was based on his claim that the trial court's judgment was against the manifest weight of the evidence and the evidence in the record overwhelmingly supports the trial court's original judgment. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 4} On September 20, 2005, Grenga filed a complaint against K.D. Machine. That complaint alleged, among other things, that K.D. Machine breached its contract with Grenga. K.D. Machine then filed a counterclaim for breach of contract.
 {¶ 5} On October 20, 2006, Grenga moved for summary judgment, based on K.D. Machine's alleged failure to timely respond to Grenga's requests for admissions. K.D. Machine responded, arguing that the requests for admissions were improperly served and, furthermore, they had been timely answered. *Page 2 
 {¶ 6} The trial court did not rule on the pending motion for summary judgment before proceeding to trial on November 9, 2006. At the conclusion of a bench trial, the court found that Grenga had not proven his case and granted K.D. Machine judgment on all of Grenga's claims. It also found for K.D. Machine on its counterclaim and awarded it $2,803.70 plus interest and costs.
 {¶ 7} Grenga filed a variety of documents on November 15, 2006. These included: 1) a motion for a new trial on K.D. Machine's counterclaim; 2) a motion for a new trial on his claims against K.D. Machine; 3) a request for findings of fact and conclusions of law; and, 4) a copy of the praecipe parties use when requesting a transcript for the purpose of appealing to this court.
 {¶ 8} On November 29, 2006, the trial court issued a journal entry denying Grenga's motions for a new trial, finding that it did not have jurisdiction to hear the motion since Grenga had filed a notice of appeal. Grenga appealed that decision on January 2, 2007. At that time, the trial court had yet to rule on the request for findings of fact and conclusions of law. In a February 8, 2007, journal entry, we noted this fact and held the appeal in abeyance until the trial court issued the requested findings of fact and conclusions of law, which would thereby make the order final and appealable. The trial court did so on March 1, 2007.
 Summary Judgment {¶ 9} Grenga's argues two assignments of error on appeal. In one he argues:
 {¶ 10} "The trial court abused their discretion to the prejudice of Appellant by not granting Appellant's motion for summary judgment."
 {¶ 11} Grenga is, obviously, challenging the trial court's denial of his motion for summary judgment, even though this case went to trial. Generally, "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins. Co. v. Whittington (1994),71 Ohio St.3d 150, 1994-Ohio-0362, syllabus. *Page 3 
 {¶ 12} However, "Continental Ins. Co. does not automatically apply to all situations involving post-trial review of the denial of summary judgment. A denial of summary judgment may be reviewed and reversed on matters of law, even if the case subsequently went to trial and a verdict was rendered. An interlocutory denial of summary judgment may also be reviewed and reversed on appeal if the issues involved at the summary judgment stage were not actually litigated at trial. Whether or not we apply Continental Ins. Co. depends in large part on the questions and issues that an appellant raises on appeal." (Citations omitted)Chieffo v. YSD Industries, Inc., 157 Ohio App.3d 182, 2004-Ohio-2481, at ¶ 8.
 {¶ 13} Thus, appellate courts can review the denial of summary judgment when the only issue in that motion was on the interpretation of an unambiguous contract. See The Promotion Co., Inc./Special Events Div.v. Sweeney, 150 Ohio App.3d 471, 2002-Ohio-6711, at ¶ 14-15.
 {¶ 14} The issues that Grenga raised in his motion for summary judgment are similar to issues involved in the interpretation of an unambiguous contract. In his motion, Grenga argued that K.D. Machine had not timely responded to his requests for admissions and that those admissions established his case and disproved K.D. Machine's counterclaim. This issue does not require the type of fact-finding in which a jury normally engages. Accordingly, that issue was not rendered moot by the subsequent trial.
 {¶ 15} Nevertheless, the trial court's denial of Grenga's motion was proper. Grenga sent requests for admissions to K.D. Machine four times. The first time, Grenga filed twelve requests for admissions with his initial complaint on September 20, 2005. These requests for admissions were not served via certified mail pursuant to Civ.R. 5. Grenga next filed the same twelve requests for admissions, along with five new requests, with his second amended complaint on April 21, 2006. These requests were also not served via certified mail pursuant to Civ.R. 5. Grenga's third attempt to request admissions was in a discovery packet sent on June 6, 2006, and contained the same seventeen requests as the April 21st requests. Finally, Grenga sent the same seventeen requests for admissions to K.D. Machine's counsel on August 14, 2006. *Page 4 
 {¶ 16} On May 31, 2006, K.D. Machine responded to the requests for admissions attached to the second amended complaint. That response denied most of the requests, but admitted three facts which do not establish liability on the part of any party to the lawsuit. In that response, K.D. Machine clarified that it felt that it was unnecessary to respond to the April 21st requests, but was doing so "as a courtesy and to avoid unnecessary Motion practice." The record does not reflect that K.D. Machine responded to Grenga's June 6th or August 14th requests for admissions.
 {¶ 17} Grenga's argument that K.D. Machine did not respond to his requests for admissions ignores the responses that K.D. Machine filed on May 31, 2006. The requests for admissions he filed later were simply the same requests to which K.D. Machine had already responded. There is nothing requiring that a party repeatedly deny the same requests for admissions from the same party over and over again in a lawsuit. Accordingly, the trial court reasonably concluded that K.D. Machine had not admitted the facts alleged by Grenga.
 {¶ 18} Grenga's motion for summary judgment was based entirely on his incorrect belief that K.D. Machine had admitted its liability. Since this belief was incorrect, there was no basis for granting Grenga's motion. Accordingly, the trial court properly denied that motion and that Grenga's arguments to the contrary are meritless.
 New Trial {¶ 19} In his other assignment of error, Grenga argues:
 {¶ 20} "The trial court abused their discretion to the prejudice of Appellant by finding that Appellant filed a notice of appeal on November 15, 2006, in Case No. 05 CVE 3709."
 {¶ 21} A trial court's decision granting or denying a new trial is reviewed for abuse of discretion. Koch v. Rist, 89 Ohio St.3d 250, 251, 2000-Ohio-0149. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 22} According to Grenga, the trial court incorrectly believed that he had *Page 5 
appealed from the November 9th judgment and used this incorrect belief as a basis for denying his motion for a new trial. Grenga is correct.
 {¶ 23} The trial court's belief was apparently based on the praecipe which Grenga filed on November 15, 2006. That document is normally filed in this district with a notice of appeal. However, and contrary to K.D. Machine's assertion, that document itself is not a notice of appeal, which is the only way to invoke this court's jurisdiction. In addition to the praecipe, Grenga filed timely motions for a new trial and for findings of fact and conclusions of law. Both toll the time for filing a notice of appeal. App.R. 4(A). Grenga filed his notice of appeal on January 2, 2007 from the trial court's order denying his motion for a new trial. We held that filing to be premature in light of Grenga's outstanding Civ.R. 52 motion before the trial court. Once the trial court filed its findings of fact and conclusions of law, only then was this matter properly before this Court. Thus, the trial court erred when it denied Grenga's motion for a new trial for the reason it gave in its entry.
 {¶ 24} Nevertheless, we must affirm the trial court's decision in this case since there is absolutely no support in the record for Grenga's motion for a new trial. Grenga's motion argued that the trial court's judgment was against the manifest weight of the evidence. However, such a claim is baseless.
 {¶ 25} The dispute in this case involved the machining of a plate. A third party asked Grenga to machine a plate and he contracted with K.D. Machine to perform that task. The drawing which Grenga sent to K.D. Machine showed that a particular size hole was to be drilled into the plate. K.D. Machine drilled that hole with the tap supplied by Grenga. When the customer received the plate, it did not fit and K.D. Machine fixed the plate to fit a gauge specified by the customer. The drawing supplied by Grenga to K.D. Machine did not indicate that a gauge should be used when drilling the hole.
 {¶ 26} K.D. Machine billed Grenga for the original work done on the plate, but did not bill him for the extra work done to fix the plate. Grenga never paid this bill. The customer billed Grenga for the cost of shipping the plate back and forth.
 {¶ 27} These facts clearly show that K.D. Machine is entitled to recover on the *Page 6 
contractual price for machining the plate. It performed its end of the contract to the customer's satisfaction. Just as clearly, Grenga is not entitled to anything from K.D. Machine. It was his fault the plate was not machined correctly the first time, since he did not inform K.D. Machine that the plate would need to fit a gauge.
 {¶ 28} Based on the evidence in the record, the trial court would have abused its discretion had it granted Grenga's motion for a new trial. Since the evidence in this case is so overwhelmingly in K.D. Machine's favor, we will not remand this matter back to the trial court, even though the trial court cited a factually incorrect basis for denying Grenga's motion for a new trial.
 Conclusion {¶ 29} Grenga argues the trial court erred when it denied his motion for summary judgment. That motion was based solely on facts which Grenga believed were deemed admitted pursuant to Civ.R. 36. However, K.D. Machine had filed responses to Grenga's requests for admissions and the trial court reasonably concluded that the facts Grenga relied on in his motion for summary judgment should not be deemed admitted. Accordingly, the trial court properly denied Grenga's motion for summary judgment.
 {¶ 30} Grenga also argues that the trial court erred in denying his motion for a new trial. The trial court did so because it mistakenly believed that Grenga had instituted an appeal in this court, thereby divesting it of jurisdiction. However, Grenga's motion was based on a manifest weight argument and the evidence in the record overwhelmingly supports the trial court's judgment.
 {¶ 31} Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1