[Cite as *Dent v. Simmons*, 2011-Ohio-4331.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IRENE DENT, et al., | ) | |
| | ) | CASE NO. 10 MA 120 |
| PLAINTIFFS, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| CHRISTINA SIMMONS, et al., | ) | |
| | ) | |
| DEFENDANTS/THIRD-PARTY | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | |
| | ) | |
| TRI-SUN MANAGEMENT CO., | ) | |
| | ) | |
| THIRD-PARTY/ | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
                              Court, Case No. 08 CV 2173.

JUDGMENT:                     Affirmed.

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio

Dated: August 24, 2011

[Cite as *Dent v. Simmons*, 2011-Ohio-4331.]
APPEARANCES:

For Plaintiff:                                                No Brief Filed.

For Defendants/Third-Party
Plaintiff-Appellants:                              Attorney Richard Machuga
                                                   P.O. Box 2305
                                                   Youngstown, OH  44509

For Third-Party/
Defendant-Appellee:                           Attorney Timothy T. Brick
                                                   Attorney Colleen A. Mountcastle
                                                   Attorney Stephen Nowak
                                                   1501 Euclid Avenue
                                                   Buckley Building – 6th Floor
                                                   Cleveland, OH  44115

DeGenaro, J.

{¶1}   Third-Party Plaintiff-Appellant, Christina Simmons, appeals the June 30, 2010 judgment of the Mahoning County Court of Common Pleas adopting a magistrate's decision to enter judgment in favor of Third-Party Defendant-Appellee, Tri-Sun Management Company.  Simmons argues that the trial court abused its discretion by denying her motion to continue the trial.  This argument is meritless.  First, the trial court's decision is reasonable given, among other factors, the open-ended nature of Simmons' request, and the fact that it was made two weeks before trial, thereby increasing the potential for inconvenience for all involved.  Further, even assuming arguendo that the trial court erred, Simmons cannot demonstrate prejudice: she failed to raise any assignments of error challenging the validity of the trial court's judgment in favor of Tri-Sun.  For these reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶2}   In March 2006, Simmons entered into a land installment contract to purchase a duplex in Youngstown from Irene Dent.  Simmons lives in California and purchased the property as-is, without viewing it in advance.  Simmons then contracted with Tri-Sun to make improvements to the property, secure tenants, and manage the duplex as a rental.  Simmons stopped making payments under the land contract and on May 27, 2008, Dent filed a foreclosure complaint.  Simmons answered and filed a third-party complaint against Tri-Sun for breach of contract, breach of fiduciary duty, and fraud.

Tri-Sun answered and counterclaimed for breach of contract, claiming that Simmons owed it money for services rendered. The trial court ultimately granted summary judgment in favor of Dent on her foreclosure complaint and ordered the property sold at a sheriff's sale.

{¶3} The Simmons/Tri-Sun litigation continued, the magistrate having issued a scheduling order on February 6, 2009, which set mediation for November 18, 2009, final pre-trial for December 2, 2009 and trial for January 8, 2010.

{¶4} Simmons was deposed via videoconference. Tri-Sun filed a motion for summary judgment as to Simmons' third-party complaint, which was denied by the magistrate and Tri-Sun's objections were overruled by the trial court.

{¶5} On November 4, 2009, Simmons filed a motion to excuse her presence from both the mediation and final pre-trial. For cause, she stated she was a resident of California, employed full-time, and did not have the financial means to travel to Ohio for the court proceedings. Further, she stated she would be represented by counsel, and available by telephone throughout the proceedings. Over Tri-Sun's opposition, the trial court granted the motion.

{¶6} Following a status conference and upon unanimous consent of the parties, the trial court issued an order referring the jury trial of this matter and all issues and motions to the magistrate. That same day, the trial court issued a document entitled "Stipulation, Waiver and Consent," stating that all parties consented to have the jury trial heard before the magistrate and to have the magistrate make any rulings that would normally be decided by a judge, including evidentiary rulings, entering judgment on the jury's verdict and deciding post-trial motions. In addition, it stated that the parties agreed that any magistrate's decisions and/or orders would be final and binding upon them, and to waive any objections to the magistrate's orders or decisions. Further, it stated that the parties agreed that they would nonetheless preserve their respective appellate rights. The document was signed by Simmons' counsel and the trial court, but was *not* signed by

Tri-Sun's counsel. [1]

{¶7} On December 7, 2009 Tri-Sun filed an unopposed motion to continue trial because, among other reasons, Simmons had filed a related action which Tri-Sun contended should be consolidated with the instant action. The magistrate granted the motion, continuing the jury trial until April 12, 2010. Tri-Sun then filed a motion to consolidate the two related cases, which was overruled by the trial court.

{¶8} On March 29, 2010, less than two weeks before trial, Simmons filed a motion to continue the trial. For cause, she stated: (1) given the current economic climate it was "financially impossible" for her to travel from California to Ohio; (2) she had not previously sought a continuance; (3) the court sustained Tri-Sun's earlier continuance request without objection from Simmons; (4) a discovery deposition had just been conducted several weeks earlier; and (5) other litigation was pending between the parties and additional time to conduct discovery in the other case could result in a global settlement, thereby resulting in judicial economy. The magistrate issued an order denying the continuance motion, and Simmons moved to set aside the magistrate's order, which the trial court overruled.

{¶9} Simmons and Tri-Sun filed a joint motion to waive their right to a jury trial on April 12, 2010 and the case proceeded to a bench trial before the magistrate. Counsel for both parties and a Tri-Sun representative appeared for trial, however Simmons failed to appear. Simmons' counsel presented testimony and exhibits in support of her case, and Tri-Sun did the same. Upon motion of Tri-Sun, and without objection by Simmons, the fraud claim was dismissed. The parties were ordered to file post-trial briefs in lieu of closing arguments.

{¶10} On May 26, 2010, the magistrate issued a decision granting judgment in favor of Tri-Sun on Simmons' third-party complaint and in favor of Tri-Sun on its counterclaim, awarding Tri-Sun $3,319.34 in damages plus prejudgment and pos-

---

[1] This court recently held that stipulations of this type are unenforceable as being contrary to the Ohio Constitution and Civ.R.53 in *Dixon v. O'Brien*, 7th Dist. No. 09 MA 123, 2011-Ohio-3399 and *Persello v. Allstate Ins. Co.*, 7th Dist. No. 10 MA 18, 2011-Ohio-3230.

judgment interest. No objections were filed and the trial court issued a judgment stating it had reviewed the magistrate's decision pursuant to Civ.R. 53(D)(4), concluded that no error of law or defect appeared on the face of the decision, and therefore adopted it as its own.

### Failure to Grant a Continuance

{¶11} In her sole assignment of error, Simmons asserts:

{¶12} "The trial court abused its discretion in denying Christina Simmons' motion to continue trial."

{¶13} The decision to grant or deny a continuance falls within the sound discretion of the trial court, and thus will not be reversed absent an abuse of that discretion. *Nationwide Mut. Fire Ins. v. Barrett*, 7th Dist. No. 08 MA 130, 2008-Ohio-6588, at ¶19, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 423 N.E.2d 1078. An abuse of discretion means more than an error in judgment, but that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶14} "There is no mechanical test for evaluating the need for a continuance, but some of the factors to consider include: the length of delay requested; other continuances requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the delay is for a legitimate reason or appears to be a delaying tactic; whether the party requesting the continuance contributed to the circumstance giving rise to the request; and, any other relevant factors depending on the unique circumstances of each case." *Colbur Tech, L.L.C. v. Zerco Sys. Internatl., Inc.*, 7th Dist. No. 09 MA 70, 2010-Ohio-4318, at ¶35, citing *Unger* at 67-68. Based on these considerations, the trial court's decision to deny the continuance was reasonable.

{¶15} First, with respect to the length of the delay, Simmons essentially made an open-ended request. Essentially, she stated she could not afford to travel to Ohio for trial, but provided no information as to when her financial outlook might change. Further, granting the continuance just two weeks before trial could have caused inconvenience for all involved.

{¶16} In addition, the fact that Simmons cited the same reason, a lack of funds, as the basis for her earlier request to be excused from the mediation and final pre-trial calls the legitimacy of her continuance request into question. Simmons first had notice of a trial date when the magistrate issued a scheduling order in February 2009, and yet she failed to put together a financial plan so that she could be able to travel to Ohio for the trial to prosecute *her claims*. Likewise, it appears Simmons contributed to the circumstances giving rise to the request, since she chose to conduct business in Ohio and chose to file suit here. Yet, as Tri-Sun points out, Simmons has never actually set foot in Ohio, either before or during this litigation. Simmons' alternative reason for the continuance, that pending discovery in the companion case could result in a global settlement in both cases, is disingenuous since Simmons had argued the opposite when opposing Tri-Sun's motion to consolidate the two cases.

{¶17} The only factor that appears to weigh in favor of granting the continuance is that Simmons had not requested one previously. However, the trial court could have reasonably concluded that the other factors weighed more strongly against granting a continuance.

{¶18} Even assuming arguendo the trial court erred in denying Simmons' motion, any such error would be harmless because Simmons' fails to attack the validity of the trial court's substantive decision to grant judgment in favor of Tri-Sun. "[N]o error or defect in any ruling or order * * * is ground for * * * vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Civ.R. 61(A).

{¶19} Simmons does not argue on appeal that the trial court's judgment on the merits of this case was erroneous. And Simmons never requested a trial transcript for this court's review, so it is impossible to discern how a continuance and then Simmons' presence at trial would have changed the outcome, especially considering Simmons had previously been deposed. Absent a trial transcript, this court must presume the regularity

of the proceedings below.  See, e.g., *Chieffo v. YSD Industries, Inc.*, 157 Ohio App.3d 182, 2004-Ohio-2481, 809 N.E.2d 1186, at ¶27.  For these reasons, the court's failure to grant a continuance did not affect Simmons' substantial rights.

**{¶20}** In conclusion, Simmons' sole assignment of error is meritless and the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.