[Cite as *State v. Hiser*, 2014-Ohio-1683.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 11-13-04

    v.

DUSTIN A. HISER,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-11-566

**Judgment Affirmed**

**Date of Decision: April 21, 2014**

APPEARANCES:

    *Timothy C. Holtsberry* for Appellant

    *Joseph R. Burkard* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Dustin A. Hiser ("Hiser") brings this appeal from the judgment of the Court of Common Pleas of Paulding County finding him guilty of one count of sexual conduct with a minor. Hiser challenges the denial of his motion for a continuance and claims that he was denied effective assistance of counsel. For the reasons set forth below, the judgment is affirmed.

{¶2} On December 12, 2011, the Paulding County Grand Jury indicted Hiser on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree. Doc. 2. Hiser was arraigned on December 19, 2011, and entered a plea of not guilty and not guilty by reason of insanity. Doc. 9. On January 13, 2012, Hiser filed a motion for mental evaluation. Doc. 15. The trial court granted the motion on January 17, 2012. Doc. 16. On March 23, 2012, Hiser's counsel filed a motion to withdraw as he had taken a job with the Van Wert County Prosecutor's Office. Doc. 19. The trial court granted the motion and appointed new counsel for Hiser on April 3, 2012. Doc. 20.

{¶3} A final pretrial conference was held on March 29, 2013. Doc. 26. At the conference, Hiser made an oral motion for a continuance claiming that he needed additional time to develop his defense of sexsomnia or temporary insanity. Doc. 26. The trial court denied the motion. *Id.* Hiser then indicated that he

wished to change his plea to one of no contest.[1]  *Id.*  After engaging in a Criminal Rule 11 discussion with Hiser, the trial court accepted the plea of no contest and found Hiser guilty of unlawful sexual conduct with a minor.  *Id.*  A sentencing hearing was held on May 8, 2013.  Doc. 27.  The trial court sentenced Hiser to a prison term of seventeen months and informed him of his registration requirements as a Tier II sex offender.  *Id.*  Hiser filed his notice of appeal from this judgment on June 5, 2013.  Hiser raises the following assignments of error on appeal.

### First Assignment of Error

**The trial court abused its discretion in not allowing a requested continuance so that all affirmative defenses could be fully investigated.**

### Second Assignment of Error

**[Hiser] was denied his constitutional right to effective assistance of counsel.**

{¶4} In the first assignment of error, Hiser claims that the trial court erred by denying his motion for a continuance.  The decision of whether to grant a continuance lies within the sound discretion of the trial court.  *Ham v. Ham*, 3d Dist. Wyandot No. 16-09-24, 2010-Ohio-1262, ¶ 10.

---

[1]  "[W]hen a defendant enters a plea of not guilty by reason of insanity and then later enters a plea of guilty without formally withdrawing the not guilty by reason of insanity plea, the defendant has waived any argument pertaining to the insanity defense."  *State v. Langenkamp*, 3d Dist. Shelby Nos. 17-07-08, 17-07-09, 2008-Ohio-1136 (quoting *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, 774 N.E.2d 1228, ¶ 34 (12th Dist.).

> **In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.**

*State v. Unger*, 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078 (1981). Here, the trial court noted that the defense had known of the possible defense for over a year and had had approximately eleven months to prepare the defense. Hiser was unable to show that after all that time, the defense would even be applicable because he was just beginning the testing. At the hearing, Hiser's attorney testified that they were not having any success in finding an expert who was willing to address the diagnosis in a criminal case. Additionally, Hiser's attorney was not able to provide the court with any sort of time line for when they would be ready or that even if given the additional time, any defense would be available. *See Dent v. Simmons*, 7th Dist. Mahoning No. 10 MA 120, 2011-Ohio-4331 (holding that the denial of a motion for a continuance may be harmless error if prejudice is not shown). The State also argued that to their knowledge, no expert was willing to testify as to whether the defendant was having an episode which would negate his mens rea at the time the sexual conduct occurred. Based upon the amount of time that had passed since the issue was first known and the uncertainty as to whether

additional time would make any difference, this court cannot conclude that the trial court abused its discretion in denying the motion to continue. The first assignment of error is overruled.

{¶5} Hiser argues in the second assignment of error that he was denied effective assistance of counsel.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio ST.2d 299, 31 O.O.2d 567, 209 N.E.2d 164.**

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905.

> **Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. (Citation omitted.)**

*State v. Sallie*, 81 Ohio St.3d 673, 674, 693 N.E.2d 267 (1998).

**{¶6}** Here, Hiser argues that his counsel was ineffective for allowing him to enter a plea of no contest instead of taking the matter to trial and presenting a defense. A review of the record indicates that the decision to enter the plea of no contest was that of Hiser. The plea was entered after the motion to continue was denied. At that point in time, Hiser was getting no additional time and the trial was in one week. He did not have an expert or any medical records which could support his alleged defense that his actions were involuntarily done while he was sleeping. Thus, the defense he claims that his counsel was ineffective for not presenting was unlikely to have affected the outcome of the case.

**{¶7}** Additionally, the trial court specifically addressed the defendant regarding the change of plea.

> **The Court: * * * Mr. Hiser, do you hear what Mr. Wolfrum has to say?**
>
> **The Defendant: Yes, I do.**
>
> **The Court: He indicates that you would be – because I'm not inclined to continue the trial, it would be your intention to plead no contest to this charge. Is that what you want to do here today?**
>
> **The Defendant: Yes.**
>
> **The Court: And before the Court can accept this no-contest plea to an offense such as this, the Court is required to make sure you understand the consequences of what you are doing here.**

> **You do understand you are pleading no contest to the charge of unlawful sexual conduct with a minor, and that is a felony of the fourth degree?  Do you understand that?**
>
> **The Defendant:  Yes.**
>
> **\* \* \***
>
> **The Court:  Do you understand that you are entitled to a trial by jury, by entering this plea of no contest, you are giving up your right to trial by jury?  Do you understand that?**
>
> **The Defendant:  Yes, Your Honor.**
>
> **The Court:  Do you understand also that you're giving up your right to confront or cross examine the witnesses against you?**
>
> **The Defendant:  Yes, Your Honor.**
>
> **The Court:  And do you understand that you're giving up your right to use the Court's subpoena power to bring in witnesses to testify on your behalf?**
>
> **The Defendant:  Yes, Your Honor.**
>
> **The Court:  Do you understand further that you're giving up your right to require the State to prove your guilt beyond a reasonable doubt?**
>
> **The Defendant:  Yes, Your Honor.**
>
> **The Court:  And do you understand that you cannot be forced or compelled to testify against yourself?**
>
> **The Defendant:  Yes, Your Honor.**

Mar. 25, 2013 Tr., 8-12.  Hiser was informed by the court that by entering the plea of no contest, he was agreeing to give up his right to present a defense by bringing

in witnesses to testify for him. He acknowledged to the court that he understood this. Even after the warning, when asked if he was entering a no contest plea of his own free will, Hiser said yes. Tr. 14. Given the record before us, there is nothing from which this court could determine that counsel was ineffective. Thus, the second assignment of error is overruled.

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Paulding County is affirmed.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**