[Cite as *Buckingham Doolittle Burroughs, L.L.P. v. Izaldine*, 2016-Ohio-2817.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BUCKINGHAM, DOOLITTLE,
BURROUGHS, L.L.P.

    Appellee

    v.

SUE DONNA IZALDINE

    Appellant

C.A. No.     27956

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2014-04-1660

DECISION AND JOURNAL ENTRY

Dated: May 4, 2016

---

HENSAL, Presiding Judge.

{¶1}  Appellant, Donna Dewald, appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}  Appellee, Buckingham, Doolittle, Burroughs, L.L.P. ("Buckingham") filed a complaint against Appellant, Ms. Donna Dewald (fka Donna Izaldine) dba Equity 1 Exteriors, for unpaid legal fees. According to Ms. Dewald, she sent a letter to Buckingham's counsel and to the Summit County Clerk of Courts, denying the allegations contained in the complaint and stating that the complaint incorrectly listed her name as Sue Donna Izaldine. The Clerk of Courts did not docket the letter, apparently because Ms. Dewald did not electronically file it as required. We note that a copy of this letter is not contained in the record before this Court.

{¶3}  Because the court's docket reflected that Ms. Dewald had not responded to the complaint within 28 days of service, the trial court ordered Buckingham to file a motion for

default judgment. Buckingham then filed an amended complaint to reflect Ms. Dewald's correct name. After more than 28 days passed with no response from Ms. Dewald, the trial court again ordered Buckingham to file a motion for default judgment.

{¶4} Buckingham filed its motion for default judgment pursuant to Civil Rule 55(A) based upon Ms. Dewald's failure to plead or otherwise defend against its amended complaint. The trial court granted Buckingham's motion on those grounds. Ms. Dewald then filed a motion to vacate the default judgment on the basis that the court's judgment was void because she did not receive written notice and a hearing as required under Civil Rule 55(A), even though she "made an overt attempt" to respond to Buckingham's complaint by way of her letter. In support of her argument, Ms. Dewald attached an affidavit to her motion wherein she averred that she responded to the complaint by letter, and that she was unaware of the court's electronic filing requirements. Ms. Dewald did not attach a copy of her letter to the affidavit.

{¶5} The trial court denied Ms. Dewald's motion to vacate, finding that she failed to answer or otherwise appear in the action, that she failed to state adequate grounds to vacate the judgment, and that her motion was untimely. Ms. Dewald filed a motion for reconsideration, again asserting that she appeared in the action by way of her letter, and that the court's judgment was void because she was entitled to notice and a hearing. The trial court did not rule on her motion. Ms. Dewald now appeals the trial court's denial of her motion to vacate, raising three assignment of error for our review. For ease of consideration, we have combined Ms. Dewald's first and second assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN REFUSING TO VACATE A DEFAULT JUDGMENT ISSUED WITHOUT NOTICE AND A HEARING AS REQUIRED BY CIV.R. 55.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN APPLYING THE CRITERIA OF CIV.R. 60 TO A MOTION TO VACATE A VOID JUDGMENT.

{¶6} In her first assignment of error, Ms. Dewald argues that the trial court erred by denying her motion to vacate the default judgment. Specifically, she argues that she appeared in the action by way of the letter she sent to Buckingham's counsel and the Clerk of Courts, and that she, therefore, was entitled to notice and a hearing under Civil Rule 55. Because she did not receive notice or a hearing, she argues that the trial's court grant of default judgment was void ab initio. Thus, she argues, the trial court erred by not vacating its void judgment.

{¶7} We review a trial court's decision denying a common-law motion to vacate a void judgment for an abuse of discretion. *Jeffries v. All Seasons Home Serv., Inc.*, 9th Dist. Lorain No. 4085, 1986 WL 14853, *2 (Dec. 24, 1986), quoting *Terwood v. Harrison*, 10 Ohio St.2d 170, 171 (1967). An abuse of discretion implies that a trial court was unreasonable, arbitrary, or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Civil Rule 55(A) provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." As the Ohio Supreme Court has stated, "[i]f the defending party has failed to appear in the action, a default judgment may be entered without notice." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 120 (1986).

{¶9} Despite Ms. Dewald's arguments, nothing in the record indicates that she appeared in the underlying action so as to trigger the notice and hearing requirements under Civil Rule 55. Although she argues that her letter was sufficient for purposes of appearing, a copy of the letter is not contained in the record. We, therefore, are unable to consider Ms. Dewald's argument in that regard. *See* App.R. 9. Because nothing in the record indicates that Ms. Dewald appeared in the underlying action, we conclude that the trial court did not abuse its discretion by denying her motion to vacate the default judgment in favor of Buckingham.

{¶10} In her second assignment of error, Ms. Dewald argues that the trial court erred by applying the criteria set forth in Civil Rule 60 to her common-law motion to vacate a void judgment. More specifically, she argues that the trial court's reference to her failure to state adequate grounds for relief and the untimeliness of her motion indicate that the court improperly analyzed her motion under Rule 60.

{¶11} As an initial matter, we note that the trial court's order does not reference Rule 60. As this Court has already determined, the trial court did not err by denying Ms. Dewald's motion to vacate, which was premised upon her assertion that she made an appearance in the underlying action. Thus, even assuming that the trial court did rely upon criteria set forth in Rule 60, any error in that regard was harmless in light of our disposition of Ms. Dewald's first assignment of error. *See Springfield Twp. v. Adams*, 9th Dist. Summit No. 22069, 2005-Ohio-591, ¶ 13, quoting *Chieffo v. YSD Industries, Inc.*, 157 Ohio App.3d 182, 2004-Ohio-2481, ¶ 24 (7th Dist.), quoting Civ.R. 61 ("'Civ.R. 61 sets forth the harmless error rule in civil cases, providing that no error or defect in any ruling is, 'ground for * * * vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'").

{¶12}  In light of the foregoing, Ms. Dewald's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING DEFAULT JUDGMENT ON AN AMENDED COMPLAINT FILED WITHOUT LEAVE OF COURT.

{¶13}  In her third assignment of error, Ms. Dewald argues that the trial court erred by granting default judgment on an amended complaint that was filed without leave of court.  Ms. Dewald, however, did not raise this argument below and, therefore, has forfeited all but plain error on appeal.  *State v. Howse*, 9th Dist. Lorain No. 12CA010251, 2012-Ohio-6106, ¶ 22 (holding that the appellant forfeited all but plain error on appeal because he did not raise an issue at the trial court).  Unfortunately, Ms. Dewald has not presented a plain-error argument on appeal, and we decline to construct such an argument on her behalf.  *State v. White*, 9th Dist. Summit Nos. 23955, 23959, 2008-Ohio-2432, ¶ 33 ("[T]his Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in her brief.").  Accordingly, Ms. Dewald's third assignment of error is overruled.

III.

{¶14}  Ms. Dewald's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


SCHAFER, J.
BALDWIN, J.
CONCUR.

(Baldwin, J., of the Fifth District Court of Appeals, sitting by assignment.)


APPEARANCES:

JACK MORRISON, JR. and THOMAS R. HOULIHAN, Attorneys at Law, for Appellant.

JAMES OH, Attorney at Law, for Appellee.