OPINION
{¶ 1} Plaintiff-appellant Gregory George appeals the March 28, 2006, judgment entry of the Stark County Court of Common Pleas, Family Court Division, dismissing the case without prejudice. Defendant-appellee is Jaicee George.
 STATEMENT OF FACTS AND LAW {¶ 2} Appellant and appellee were married on June 14, 2000, in Stark County, Ohio, and have two children together: Tyrin, born January 13, 2000; and, Jaila, born April 22, 2001. Appellant filed a complaint for divorce on November 3, 2004, but voluntarily dismissed the complaint on May 12, 2005, as the parties were attempting reconciliation.
 {¶ 3} On July 27, 2005, appellee obtained a criminal temporary protective order against appellant which named appellee and the minor children as protected persons. On October 3, 2005, appellant pleaded no contest to one count of domestic violence and was found guilty thereof.
 {¶ 4} Appellant filed a second complaint for divorce on September 15, 2005, together with a motion for temporary orders. On November 7, 2005, appellee, represented by counsel through Legal Aid, filed an answer and counterclaim to the appellant's complaint for divorce, as well as a motion for temporary orders and an affidavit of indigency. On November 14, 2005, the magistrate conducted a temporary orders hearing, at which time she ordered, inter alia, that a guardian ad litem be appointed on behalf of the minor children.
 {¶ 5} On December 7, 2005, the guardian ad litem filed a motion for immediate review, stating that she had concerns with regard to both parties' ability to parent the minor children. On December 12, 2005, the magistrate conducted a hearing at which time she found, inter alia, that both parties were using drugs and that the appellee's housing was not safe for the children. The magistrate ordered the appellant to participate in anger management, ordered both parties to submit to drug testing and to do an intake assessment and follow all recommendations from that assessment, and ordered the appellee to cooperate with RENEW. The magistrate also granted temporary custody of the minor children to the appellant, ordered that appellee have visitation, and ordered that a prior child support order be vacated and that appellee pay appellant child support in the amount of $50.00 per month.
 {¶ 6} The appellee filed a motion to set aside the magistrate's December 12, 2005, order. On January 30, 2006, the trial court issued a judgment entry in which it overruled the appellee's motion to set aside, ordered all issues merged into the March 2, 2006, pretrial, and ordered both parties to contact Dr. Mark Tully for full psychological evaluations at their equal expense to be made available at the March 2, 2006 pretrial. In addition, both parties were ordered to attend a mandatory parenting seminar.
 {¶ 7} Appellant completed the parenting seminar on February 7, 2006, and appeared for both his clinical examination and psychological testing with Dr. Tully on February 9, 2006. Appellee appeared for her clinical examination with Dr. Tully on February 9, 2006, and her psychological testing on February 24, 2006. She completed the parenting seminar on February 28, 2006.
 {¶ 8} On March 2, 2006, the trial court found that appellant had completed his parenting seminar, but found that appellee had not, and ordered her rights suspended. In addition, the trial court found that both parties had completed the psychological evaluations, but that the evaluations were not paid for as ordered and were therefore not available. The court scheduled the matter for trial on April 19, 2006.
 {¶ 9} On March 28, 2006, the trial court entered a judgment entry, sua sponte, in which it found that "the court is informed that Defendant has not complied with orders concerning psychological evaluation, and that Defendant is pregnant." The trial court went on to order the case dismissed without prejudice. It is from this judgment entry that the appellant appeals, setting forth the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE PLAINTIFF'S CASE DUE TO THE `ALLEGED' NON-COMPLIANCE BY THE DEFENDANT FOR THE PSYCHOLOGICAL EVALUATION.
 {¶ 11} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CASE BASED ON EX-PARTE ERRONEOUS INFORMATION THAT THE DEFENDANT WAS PREGNANT."
 I {¶ 12} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 13} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 14} The appellant argues in his first assignment of error that the trial court abused its discretion when it dismissed the case due to the failure of the appellee to pay her share of the cost for the psychological evaluation. We agree.
 {¶ 15} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 16} In the case sub judice, the trial court's March 28, 2006, judgment entry dismissing the case was an abuse of discretion. The appellant had complied with the court's order to obtain and pay for the psychological evaluation by Dr. Tully. The fact that the appellee had not paid her portion of Dr. Tully's fee does not diminish the fact that the appellant was in full compliance with the court's order.
 {¶ 17} Further, Ohio courts are generally in agreement that a trial court must give prior notice of its intent to dismiss a case for a party's noncompliance with a court order. In the case of Szerlip v. Szerlip, Knox App. No. 01CA16, 2002-Ohio-2540, we held that the trial court erred in dismissing a husband's pending motions without prejudice when the court did not advise the husband that his failure to appear at a hearing on his wife's unrelated motion for modification of child support could result in said dismissal. We held further:
 {¶ 18} "The Ohio Constitution, Section 16, Article I, undeniably affords the parties in a civil case the right to due process of law, the `basic thrust' of the clause being a requirement for notice and an `opportunity to be heard.' SeeOhio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 124-125, 502 N.E.2d 599. Unless notice and an opportunity for a fair hearing are given to opposing parties, a trial court has no authority to take action, suasponte, prejudicial to the opposing party. See, e.g., Rice v.Bethel Assoc., Inc. (1987), 35 Ohio App.3d 133, 520 N.E.2d 26."Szerlip at *5.
 {¶ 19} See, also, Ohio Furniture Co. v. Mindala (1986),22 Ohio St.3d 99, 488 N.E.2d 881; and, Shoreway Circle, Inc. v.Gerald Skoch Co., L.P.A. (1994), 92 Ohio App.3d 823,637 N.E.2d 355, cause dism., 69 Ohio St.3d 1466, 634 N.E.2d 266.
 {¶ 20} In the case at hand, the trial court did not advise the parties that the case would be dismissed if appellee did not comply with the court's order to pay Dr. Tully. Accordingly, we find that the court's dismissal of the case was unreasonable, arbitrary, and unconscionable. Thus, appellant's first assignment of error is sustained.
 II {¶ 21} The appellant argues in his second assignment of error that the trial court abused its discretion when it dismissed the case based upon erroneous ex-parte information that the appellee was pregnant. We agree.
 {¶ 22} There is no evidence on the record that the appellee was pregnant during the pendency of the within matter. As stated above, due process demands that parties have an opportunity to be heard, as well as an opportunity to confront and rebut evidence that a court takes into consideration when rendering a decision. In the case at hand, the trial court relied on ex parte information that the appellee was pregnant. The record does not reflect that the information was ever substantiated, or that the parties were given an opportunity to be heard on the issue of whether appellee was pregnant. Accordingly, the appellant's second assignment of error is sustained.
 {¶ 23} We find that the court's dismissal of the case was an abuse of discretion. Accordingly, the judgment entry of the trial court is reversed and the matter remanded for further proceedings.
Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is reversed and remanded. Costs assessed to appellee.