[Cite as *Naple v. Bednarik*, 2012-Ohio-5881.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

JULIE A. NAPLE, et al.,       )
                                    )     CASE NO.  11 MA 121
     PLAINTIFFS-APPELLANTS,   )
                                      )
     - VS -                     )     OPINION
                                        )
BERNADETTE BEDNARIK, et al.,   )
                                      )
     DEFENDANTS-APPELLEES.    )

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas
                                           Court, Probate Division,
                                           Case No. 10 CI 139.

JUDGMENT:                             Affirmed.

APPEARANCES:
For Plaintiffs-Appellants:              Attorney John McNally
                                           100 Federal Plaza East, Suite 600
                                         Youngstown, OH  44503

For Defendants-Appellees:             William C. Helbley
                                         Southbridge Executive Park
                                         725 Boardman-Canfield Rd., Unit K-2
                                         Youngstown, OH  44512

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated:  December 7, 2012

DeGenaro, J.

{¶1} Plaintiffs-Appellants, Julie Naple, Adam Perry, Monica Burkholder and Andrea Lopez, appeal the July 7, 2011 judgment of the trial court, which overruled their objections to a magistrate's decision and dismissed the will contest complaint they filed against Appellee Bernadette Bednarik, following a bench trial. On appeal, Appellants, the heirs at law of the decedent, Samuel J. Perry, Sr., first contend that they were deprived of due process when the magistrate issued a decision before reviewing their proposed findings of fact and conclusions of law. Second, Appellants contend the trial court erred in denying their earlier motion for summary judgment. Finally, they contend that the trial court erred by failing to adopt their proposed findings of fact and conclusions of law which posited that the probated will was invalid and procured by fraud.

{¶2} Upon review, Appellants' arguments are meritless. Nothing in Civ.R. 53 requires the magistrate to consider proposed findings of fact and conclusions of law when neither party requests that the magistrate prepare a decision that includes findings of fact and conclusions of law. The magistrate gave full and fair consideration of the evidence presented at trial, and complied with the mandates set forth in Civ.R. 53. Appellants waived their challenge to the summary judgment ruling by failing to object to the magistrate's decision. No plain error or error on the face of that decision is apparent. Finally, the trial court's decision dismissing Appellants' will contest complaint is supported by competent credible evidence. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} The decedent, Samuel J. Perry, Sr., died on June 9, 2010. He left behind no surviving spouse, but had five adult children: Julie Naple, Adam Perry, Monica Burkholder, Andrea Lopez, and Samuel J. Perry, Jr.

{¶4} On June 25, 2010, Appellee Bednarik, the decedent's fiancée at the time of his death, filed an application to probate will, attached to which was a four-page document entitled "Last Will and Testament of Samuel James Perry, Sr." She filed this through her then-counsel Dominic Leone, III. The trial court admitted the will to probate on June 25, 2010, concluding the will "either on its face or from testimony of the witnesses, complies with applicable law."

{¶5}   The probated will is a typewritten document that lists January 1, 2010 as the date of execution.  It is signed at the end by the decedent and by three alleged witnesses, D.J. Mason of Lancaster, Ohio, Bernadette Bednarik, of Youngstown, Ohio, and Sherrie Burton, of Lancaster, Ohio.  Each of the four pages in the probated will bears initials "SJP" in the bottom right-hand corner.

{¶6}   "Item Two" of the probated will states:

> I give, bequeath and devise all of my property which I may own at the time of my death, real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated including property which I may acquire or become entitled to after the execution of this Will, to Bernadette Bednarik, if she survives me. Said personal items to be bequeathed are attached to this Will.

{¶7}   There was no attachment concerning "personal items," as referred to in Item Two.

{¶8}   "Item Three" of the probated will provides that if Bernadette Bednarik does not survive the testator that the gift bequest and devise set forth in Item Two shall lapse and then all of the property owned by the testator shall be divided and devised to the testator's five children equally.  Item Three further provides that if any child does not survive the testator, then the child's share shall be divided equally to the surviving children.

{¶9}   On August 4, 2010, Appellants filed a will contest complaint, seeking to have the probated will set aside for several reasons, including that the decedent lacked testamentary capacity and that the probated will was procured by undue influence, fraud, duress and/or coercion.  The Complaint also alleged that the probated will "is not the proper Last Will and Testament" of the decedent, and that "[t]wo Wills have been furnished by Defendant Bednarik * * * and a fraud is being perpetrated on the Court." Attached to the complaint was a document that is identical to the probated will except that instead of three witness signatures, there are only two, D.J. Mason and Bernadette

Bednarik.

{¶10} Bednarik answered the complaint on October 4, 2010. On January 25, 2011, Appellants filed a motion for summary judgment. Appellants argued that the probated will was procured by fraud or defectively executed. In addition, they argued that Bednarik had waived any right to distribution under the will. Bednarik filed a brief in opposition to Appellants' motion for summary judgment. On May 11, 2011, the magistrate issued a decision overruling Appellants' motion for summary judgment, which was adopted in full by the trial court on May 12, 2011.

{¶11} On May 24, 2011, the matter proceeded to a bench trial before the magistrate. There was very little evidence presented regarding Appellants claims of lack of testamentary capacity, undue influence, duress, or coercion, aside from brief testimony from Appellant Monica Burkholder that she thought her father might have been "delusional" and that Bednarik would not have agreed to marry her father unless he executed a will in her favor. Based on the lack of evidence, the magistrate granted Bednarik's motion for directed verdict regarding the lack of testamentary capacity, undue influence, duress, and coercion claims contained in paragraphs four and five of the will contest complaint. This is not being challenged on appeal.

{¶12} The bulk of the evidence submitted by Appellants related to the existence of this purported second will, sometimes referred to as the "two-witness will." Appellants' witnesses at trial included the decedent's son, Appellant Adam Perry, his wife Ellen, and Appellant Monica Burkholder. They indicated that on the date of the decedent's funeral, Bednarik's sister, Donna Mason, delivered a copy of the two-witness will to one of the decedent's children, who in turn revealed it to the other children. They speculated that this two-witness will must have been executed first in time and that the probated will was a fraud. However there was no evidence to substantiate these claims.

{¶13} Donna Mason testified that she prepared the probated will for the decedent. Mason is not an attorney; rather, she obtained a template for the will from the internet. Mason testified that the decedent executed the probated will on January 1, 2010, and that she witnessed and signed it along with Bednarik and a friend, Sherry Burton.

(Sherry Burton was not called to testify at trial.) Bednarik also testified about the genesis and the execution of the probated will.

**{¶14}** During her testimony, Mason gave an explanation as to how the "two-witness will" came into existence. She testified that shortly after the decedent's death, she received a phone call from Attorney Leone, who had served as counsel for Bednarik earlier in the proceedings. According to Mason, Attorney Leone asked her if she could modify the fourth page of the decedent's will using computer technology as a "demonstration" for him as to what kinds of modifications were possible. Mason was able to remove the court's time-stamp from the document, along with the signature of the third witness. Mason has a background in such technology, having worked for Microsoft and as a computer teacher for elementary school children. She was not qualified as an expert in this field at trial, thus testimony about her qualifications was used only to give background as to why Attorney Leone would have asked her to complete such a task. Attorney Leone himself was not called to testify. Mason denied ever giving any of Appellants or their spouses a copy of this "demonstration" will, but Mason implied they might have had access to the computer where it was stored when they were preparing a photographic slideshow for the decedent's funeral.

**{¶15}** Both the probated will and the "two-witness will" were admitted into evidence. Appellant Adam Perry and his wife Ellen both testified that the two-witness will was a computer printout. When comparing and contrasting the two exhibits on the stand, Mason noted that on the probated will you could see the indentations in the paper from where the decedent and witnesses had signed, and that the ink also bled through the paper. By contrast, the two-witness will was flat with no indentations and also contained purple shadings, which Mason opined had come from a printer. The magistrate noted these distinctions in his decision, and our review of the exhibits confirms these findings.

**{¶16}** At the end of trial, counsel for Appellants requested permission to submit proposed findings of fact and conclusions of law to the magistrate after a transcript of the proceeding was provided. The magistrate noted that he did not believe proposed findings of fact and conclusions of law were necessary. "Frankly, I won't need it," he

stated. The magistrate ordered that any proposed findings of fact and conclusions of law by either party be submitted no later than June 15, 2011.

{¶17} On June 15, 2011, Appellants filed a Renewed Motion for Summary Judgment, Motion to Supplement the Record and Proposed Findings of Fact and Conclusions of Law, along with a transcript of the trial.

{¶18} That same day, June 15, 2011, the magistrate issued a lengthy decision, which included findings of fact and conclusions of law. Therein, the magistrate concluded that Appellants had failed to sustain their burden of proof with regard to the allegations in their complaint and therefore dismissed the complaint.

{¶19} On June 20, 2011, Appellants filed a motion to vacate the magistrate's June 15 decision, based upon the fact that the magistrate had allegedly never reviewed Appellants' proposed findings of fact and conclusions of law prior to issuing his decision. The trial court denied the motion to vacate on June 24, 2011. Appellants filed timely objections to the magistrate's June 15, 2011 decision, and on July 7, 2011, the trial court issued a judgment entry overruling Appellants' objections, and dismissing Appellants' complaint.

### Due Process

{¶20} In their first of three assignments of error, Appellants assert:

{¶21} "Procedurally, Plaintiffs were deprived of due process."

{¶22} Appellants argue that they were deprived of due process because the magistrate allegedly issued his decision before reviewing Appellants' proposed findings of fact and conclusions of law.

{¶23} "The Ohio Constitution, Section 16, Article I, undeniably affords the parties in a civil case the right to due process of law." *George v. George*, 5th Dist. No. 2006 CA 00116, 2006-Ohio-5318, ¶18. Under both the Ohio and United States Constitutions due process means "a reasonable opportunity to be heard after a reasonable notice of such hearing." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986).

{¶24} Further, the Ohio Rules of Civil Procedure govern all aspects of a will

contest action unless otherwise provided by law.  R.C. 2107.72(A).  There is nothing in the Ohio Revised Code supplanting Civ.R. 53 in will contest actions, therefore, that rule, which governs proceedings before a magistrate, is applicable here.

{¶25}  Civ.R. 53 does not require that the magistrate consider proposed findings of fact and conclusions of law when neither party requests that the magistrate prepare a decision that includes findings of fact and conclusions of law.  Civ.R. 53(D)(3)(a)(ii) provides:

> Subject to the terms of the relevant reference, a magistrate's decision may be general *unless* findings of fact and conclusions of law *are timely requested* by a party or otherwise required by law.  A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within seven days after the filing of a magistrate's decision.  *If a request for findings of fact and conclusions of law is timely made*, the magistrate *may* require any or all of the parties to submit proposed findings of fact and conclusions of law.

(Emphasis added.)

{¶26}  Here neither party requested that the magistrate issue findings of fact and conclusions of law.  Appellants' counsel requested permission to submit *his own* proposed findings of fact and conclusions of law.  The magistrate permitted him to do so, however, he also explained that he did not believe such a submission was necessary.

{¶27}  The magistrate here actually went above and beyond what is required by Civ.R. 53 by issuing a comprehensive decision including findings of fact and conclusions of law, when such was not requested by the parties.  The magistrate was not under any legal obligation to review proposed findings of fact and conclusions of law that he did not request.

{¶28}  The magistrate gave full and fair consideration of the evidence presented at trial, and complied with the mandates set forth in Civ.R. 53.  Appellants were given notice of trial and an opportunity to be heard.  Thus, Appellants were not deprived of due

process. Accordingly, Appellants' first assignment of error is meritless.

## Summary Judgment

**{¶29}** In their second assignment of error, Appellants argue:

**{¶30}** "On the merits Plaintiffs' motion for summary judgment should have been granted."

**{¶31}** Generally, "any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156, 642 N.E.2d 615 (1994). *See also Chieffo v. YSD Industries, Inc.*, 157 Ohio App.3d 182, 2004-Ohio-2481, 809 N.E.2d 1186, ¶24 (7th Dist.).

**{¶32}** However, error in the denial of a summary judgment motion that presents a purely legal question is not rendered harmless by a subsequent trial on the merits. *Continental Ins.* at 158; *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 139, 2010-Ohio-4746, 940 N.E.2d 1026 (10th Dist.). Consequently, an appellate court may review a denial of a motion seeking summary judgment on a pure question of law regardless of the movant's lack of success at trial. *Sicklesmith v. Chester Hoist*, 169 Ohio App.3d 470, 2006-Ohio-6137, 863 N.E.2d 677, ¶18 (7th Dist.).

**{¶33}** One of Appellants' arguments on summary judgment relates to a factual issue that was resolved at trial, namely whether the will was procured by fraud. This was rendered moot or harmless by the trial, which demonstrated there were genuine issues of material fact regarding this claim.

**{¶34}** Appellants' argument that the probated will was defectively executed does involve a legal question. Typically, an appellate court reviews a trial court's decision regarding summary judgment de novo. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶5. However, here Appellants failed to object to the magistrate's decision overruling their summary judgment motion. "One cannot object to an error on appeal that was not raised to the trial court who adopted a magistrate's decision. Civ.R. 53(D)(3)(a)(iii) and (D)(3)(b)(iv). Thus, all but plain error or

error on the face of the decision is waived.  See Civ.R. 53(D)(3)(b)(iv) and (D)(4)(c)." *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, 908 N.E.2d 495, ¶88 (7th Dist.).

**{¶35}** The probated will was properly executed.  R.C. 2107.03 requires that in order to create a valid written will there must be a document that is signed at the end by the testator or the testator's agent, in the presence of two competent witnesses, who must observe the testator's signature or hear him acknowledge his signature.  *See also Estate of Snell v. Kilburn*, 165 Ohio App.3d 352, 2005-Ohio-7076, 846 N.E.2d 572, ¶28 (7th Dist.).

**{¶36}** The probated will in this case met all of these requirements.  Had Bednarik been one of only two witnesses, the will would have been rendered void based upon her interest in the decedent's estate.  *See* R.C. 2107.15.  However, such was not the case here; there were two additional competent witnesses to the will's execution: Donna Mason and Sherrie Burton.  Appellants cite no law to support their position that Mason was rendered an incompetent witness simply because she was a blood relative of a devisee. Mason herself had no interest under the will.  In probate proceedings, " 'all persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.'"  *Rogers v. Helmes*, 69 Ohio St.2d 323, 326, 432 N.E.2d 186 (1982), quoting *Blankner v. Lathrop*, 169 Ohio St. 229, 230, 159 N.E.2d 229 (1959), quoting R.C. 2317.01.  Thus, Appellants are incorrect that Mason was not a competent witness simply because she is Bednarik's sister.

**{¶37}** Appellants' additional argument during summary judgment proceedings that Bednarik had somehow abandoned her right to distribution under the will via statements she made during her separate bankruptcy proceeding, is simply not applicable to the will contest action. The purpose of a will contest complaint is to contest the validity of the will itself.  R.C. 2107.71(A).  And in any event, had Bednarik wanted to disclaim her interest in the decedent's estate, she would have had to execute a written disclaimer instrument as provided by R.C. 5815.36.

**{¶38}** Accordingly, for all of these reasons, the trial court properly overruled

Appellants' summary judgment motion. Therefore, Appellants' second assignment of error is meritless.

### Court's Failure to Adopt Appellants' Findings of Fact and Conclusions of Law

{¶39} In their third and final assignment of error, Appellants assert:

{¶40} "Plaintiffs' proposed findings of fact and law should have been adopted by the court."

{¶41} As discussed some in the context of the first assignment of error, neither the trial court, nor the magistrate was under any obligation to even consider, let alone adopt, Appellants' findings of fact and conclusions of law in this case.

{¶42} Moreover, the trial court's decision to dismiss the will contest complaint was supported by competent credible evidence, and therefore we affirm that judgment. "On the trial of any will contest under section 2107.71 of the Revised Code, the order of probate is prima-facie evidence of the attestation, execution, and validity of the will or codicil." R.C. 2107.74. The admission of a will to probate thus creates a presumption as to the will's validity. *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 64, 567 N.E.2d 1291 (1991). In order to rebut this presumption, a contestant must "produce evidence which furnishes a reasonable basis for sustaining his claim." *Kata v. Second Nat. Bank of Warren*, 26 Ohio St.2d 210, 271 N.E.2d 292 (1971), paragraph two of the syllabus. The party contesting the validity of the will bears the burden of proof. *Krischbaum* at 64.

{¶43} Here, the trial court reasonably determined that Appellants failed to meet their burden of proof. The magistrate determined that Donna Mason provided a credible explanation for the existence of the two-witness will. Credibility determinations are best left to the trier of fact. *See Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Further, there was no evidence, aside from the mere suppositions of the children, that the two-witness will was executed prior to the probated will, or that the probated will was itself fraudulent. To the contrary, the probated will bore the indentations of the signatures of the decedent and two competent, disinterested witnesses and Mason testified that the decedent executed the will on January 1, 2010, and that the two-witness will was a computer-generated modification of the original will.

Accordingly, for all of these reasons, Appellants' third assignment of error is also meritless.

## Conclusion

{¶44} In sum, Appellants' arguments are meritless. Nothing in Civ.R. 53 requires the magistrate to consider proposed findings of fact and conclusions of law when neither party requests that the magistrate prepare a decision that includes findings of fact and conclusions of law. The magistrate here gave full and fair consideration of the evidence presented at trial, and complied with the mandates set forth in Civ.R. 53. Appellants waived their challenge to the summary judgment ruling by failing to object to the magistrate's decision. No plain error or error on the face of that decision is apparent. Finally, the trial court's decision dismissing Appellants' will contest complaint was supported by competent credible evidence. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Vukovich, J., concurs.